## APPLEGATE v. THE B. & S. W. R. R. Co.

1. **Contract**: CONSTRUCTION: EVIDENCE. Where a bond obligated one of the parties, for an agreed consideration, to convey to the other a right of way for a railroad "as it shall be laid out," it was *held* that, in the absence of fraud or mistake, parol evidence was not admissible to show that the contract contemplated a line already established at the time of the execution of the instrument.

### *Appeal from Lee District Court.*

### THURSDAY, SEPTEMBER 23.

ACTION at law to recover the damages sustained by plaintiff by reason of the location of defendant's railroad over his land. The defendant filed an equitable cross-petition alleging that plaintiff had executed to another railroad company, with which defendant had afterward become consolidated, a bond obligating himself to convey the right of way over his land in consideration of the location of the railroad thereon, and the payment of one dollar. The defendant alleges the location and construction of the railroad upon plaintiff's land, and the tender of one dollar, and prays that plaintiff may be required to perform specifically his undertaking to convey the right of way. The plaintiff, in answer to this cross-petition, admitted the execution and delivery of the bond, but alleges that it was made for the purpose of securing to the railroad company the right of way upon a line surveyed at the time of the execution thereof, and that, subsequently, defendant changed the location of the road, and constructed it upon a different line. The answer does not charge that the contract, which defendant seeks to enforce, was procured through fraud or misrepresentations, but that it refers to a line for the right of way different from that upon which the road was finally built.

Upon the final hearing the court, by proper decree, adjudged that plaintiff recover $160 damages, and, upon payment thereof, that he should convey to defendant the right of way of the railroad. Defendant appeals.

*P. Henry Smyth*, for the appellant.

Plaintiff cannot recover for right of way in this kind of action. The remedy provided by statute is exclusive. (1 Redf. on Railways, 334; *Kimball v. Whitewater Valley Co.*, 1 Carr, 285; *Mason v. Kennebec & P. R. R.*, 31 Me., 215; *McCormick v. Terre Haute & Richmond R'y*, 9 Ind., 283; *Ind. Cen. R'y v. Oakes*, 20 Ind., 9; *Colclough v. Nashville & N. E. R. R.*, 2 Head, 171; *Aldrich v. Cheshire R. R.*, 1 Foster, 359; *Cumberland R. R. v. M. Lanahan*, 59 Pa. St., 23; *Pettibone v. Mil. & La Crosse R. R.*, 14 Wis., 442; *Baker v. Hannibal & St. Jo. R. R.*, 36 Mo., 543; *Little Miami R. R. v. Whitacre*, 8 Ohio St., 590.)

Plaintiff is estopped by his own conduct from claiming damages for a change of line. The *intention* to object to the change without interposing his objection at the proper time cannot avail him. (Bigelow on Estoppel, 500.)

*F. & F. H. Semple*, for the appellee.

The contract was made with reference to a line already established. The appellant having violated the contract, equity will not decree its performance. To have been in position to ask equitable relief, it should have notified plaintiff of the change in the line and given him opportunity to grant or refuse the right of way.

To work an estoppel plaintiff must have done some act which can be pleaded for that purpose. (Bouvier's Law Dic.)

BECK, J.—I.   The bond, which is the foundation of defend-

1. CONTRACT: ant's equitable cross-petition, obligating plaintiff
construction:
evidence.   to convey the right of way for a railroad over his land, makes no reference to a line located at the time of its execution.   It in express language obligates plaintiff to convey the right of way for a railroad *"as it shall be laid out,"* thus unmistakeably indicating that the location of the line of the road was to be determined after the execution of the bond. Plaintiff in his answer does not claim that the bond failed to express the true intention of the parties.   He claims that it

contemplated a line already fixed, which was subsequently changed. But the contract is capable of no such construction. No elementary principle of law is more familiar than that a party cannot be relieved from the obligation of a written contract by showing, in the absence of fraud or mistake, that the agreement which it was executed to witness, was different in its terms from that embodied in the writing. The language of the writing must prevail, unless through fraud or mistake it fails to express the true intention of the parties. Plaintiff in his answer does not pretend that the writing fails to express the terms of the agreement. The instrument speaks for itself; it must be interpreted by the language found therein. It cannot be understood as stipulating in regard to a line for the railroad selected before its execution.

II. Notwithstanding the issues raised by the pleadings, plaintiff introduced the evidence of himself tending to prove that the agreement intended to be expressed in the bond related to a line of the road then surveyed, which was subsequently abandoned. Without raising any question as to the competency of this evidence, we are of the opinion that the fact claimed by plaintiff is not established by the preponderance of the evidence. The agent of the railroad company, who negotiated the transaction with plaintiff, states explicitly that "there was no agreement except the bond." He insists, however, that it does apply to the survey made at the time. Another who assisted him in the business, and filled out the bond in the presence of the agent and plaintiff, states that he heard nothing about any other contract than that expressed in the bond. Acts and admissions of the plaintiff are found in the evidence, which strongly support the testimony of defendant's witnesses, and are utterly inconsistent with plaintiff's claim.

In our opinion, the relief asked by defendant should have been granted, and plaintiff should have been allowed no part of his claim. The judgment and decree of the Circuit Court will be reversed, and at defendant's option a decree will be entered here conforming to this opinion. Should the defendant so elect the cause will be remanded to the Circuit Court and such a decree will be there entered.

REVERSED.